UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

DALE KOPLIEN,

    *Plaintiff,*

    *v.*                                      Case No: 3:26-cv-66

MARATHON COUNTY, TRISTEN WANDEN,
RONALD KOHLMANN, AND LOR VANG,

    *Defendants.*

---

## COMPLAINT

---

Plaintiff Dale Koplien, by his attorneys, Strang Bradley, LLC, for its complaint against Defendants, states:

### INTRODUCTION

1.    Plaintiff Dale Koplien, a pretrial detainee with a known, serious traumatic brain injury affecting his speech and gait, was booked into the Marathon County Jail on June 30, 2024.

2.    On July 1, 2024, while Koplien was at the booking desk reviewing paperwork, Defendant Ronald Kohlmann refused to assist him in contacting his caretaker and then grabbed Koplien's paperwork.

3.    When Koplien reached for the paperwork, Kohlmann pulled out a taser and, without warning, tased Koplien twice at close range.

4.      Koplien fell and sustained a serious pelvic injury, after which Defendants Tristen Wanden and Lor Vang assisted in handcuffing him while he repeatedly stated he was badly hurt and needed an ambulance.

5.      Despite Koplien's repeated screams of "my hip," "my left hip is out of place," and "my leg is broke," the Defendants responded dismissively, refused immediate emergency care, and instead moved him to his cell.

6.      The Defendants wheeled Koplien to his cell, lifted him onto his bed while he screamed in pain, locked the door, and left him overnight without any medical evaluation or treatment of the injury.

7.      Koplien was not assessed by the jail nurse until the following afternoon.

8.      The nurse conducted an X-ray, which showed that Koplien had a fractured pelvis.

9.      After the jail nurse identified the fracture, Koplien was transported by ambulance to the hospital, where he received surgery.

**JURISDICTION AND VENUE**

10.      This Court has jurisdiction over federal claims pursuant to 28 U.S.C. § 1331 and the state law claims for indemnification pursuant to 28 U.S.C. § 1367.

11.      Venue is proper under 28 U.S.C. § 1391(b). Defendant Marathon County is a political subdivision of the State of Wisconsin located within this judicial district.

12.      Additionally, the events giving rise to the claims asserted herein occurred within this judicial district.

## PARTIES

13.     The Plaintiff, Dale Koplien, is an adult resident of the State of Wisconsin.

14.     Defendant Marathon County is a political subdivision of the State of Wisconsin and is or was the employer of the individual correctional officers. Pursuant to WIS. STAT. § 59.01, Marathon County is authorized, *inter alia*, to sue and be sued. Marathon County is a "person" for purposes of 42 U.S.C. § 1983. Marathon County owns and operates the Marathon County Jail.

15.     Acting through the Marathon County Sheriff's Office, the County is responsible for training, supervising, and disciplining jail employees and contract staff working within the jail. Marathon County is also responsible for adopting, implementing, and enforcing jail policies and practices and ensuring that jail conditions and the medical treatment of detainees comply with the United States Constitution and other federal and state laws. Under WIS. STAT. § 895.46(1)(a), the County is required to pay or indemnify all judgments, including compensatory and punitive damages, costs, disbursements, and reasonable attorney's fees that may be awarded against its officials and employees who are liable for acts within the scope of their employment.

16.     Defendant Tristen Wanden was at the time of this occurrence employed as a correctional lieutenant in the Marathon County Jail.

17.     In that role, Wanden was responsible for the health, safety, security, and welfare of detainees confined in the jail, including Dale Koplien.

18.     Wanden engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Marathon County.

19.    Defendant Ronald Kohlmann was at the time of this occurrence employed as a correctional officer in the Marathon County Jail.

20.    In that role, Kohlmann was responsible for the health, safety, security, and welfare of detainees confined in the jail, including Dale Koplien.

21.    Kohlmann engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Marathon County.

22.    Defendant Lor Vang was at the time of this occurrence employed as a correctional officer in the Marathon County Jail.

23.    In that role, Vang was responsible for the health, safety, security, and welfare of detainees confined in the jail, including Dale Koplien.

24.    Vang engaged in the conduct complained of while he was on duty and in the course and scope of his employment with Marathon County.

**FACTS**

25.    Dale Koplien suffers from a previous serious traumatic brain injury that affects his speech and ability to walk.

26.    Koplien was booked into the Marathon County Jail on June 30, 2024.

27.    The following evening, July 1, 2024, Koplien was at the booking desk inside the jail where he was reviewing paperwork with Defendant Ronald Kohlmann.

28.    Kohlmann informed Koplien that he would not be able to communicate with his caretaker and that Kohlmann would not assist Koplien in attempting to contact his caretaker.

29.    Koplien lived with his caretaker, who assisted him with activities of daily living due to his traumatic brain injury.

30.    Koplien became upset with Kohlmann after Kohlmann told Koplien he would not assist in contacting Koplien's caretaker.

31.    Koplien told Kohlmann to give him the paperwork and reached for it.

32.    Kohlmann pulled the paperwork away and told Koplien to go back to his cell.

33.    Kohlmann pulled out his taser and, without warning, shot Koplien with his taser from approximately three feet away.

34.    The first taser shot did not seem to be effective, so Kohlmann took a step back and shot Koplien a second time with his taser.

35.    As a result of the taser shot, Koplien fell to the ground and broke his pelvis.

36.    When Koplien was on the ground, Defendants Tristen Wanden and Lor Vang assisted Kohlmann in placing Koplien in handcuffs.

37.    Wanden twice asked Koplien if he was all right and Koplien twice responded no.

38.    Koplien told Wanden that he needed an ambulance and Wanden responded that they were not getting Koplien an ambulance.

39.    As the officers rolled Koplien over from lying on his stomach, Koplien continued to repeatedly scream "my hip."

40.    Wanden responded to Koplien saying "we heard you six times."

41.    Koplien continued to repeatedly scream "my hip" and "ouch."

42.    Wanden told Koplien to "stand up" and Koplien responded "I can't."

5

43.     Wanden again told Koplien to "stand up" and Koplien responded "I can't stand up."

44.     The Defendants picked Koplien up and placed him in a wheelchair.

45.     Koplien continued to scream "my left hip" and told the officers "my left hip is out of place."

46.     Wanden responded "yup."

47.     Koplien continued to repeatedly tell the officers, "My left hip is out of place" and "I can't move."

48.     Wanden responded "yup, we're going to take you to your cell."

49.     As Wanden wheeled Koplien to his cell in the wheelchair, Koplien continued to repeatedly tell the officers, "My leg is broke."

50.     Wanden responded "I'll make a note for medical, they'll take a look at you in the morning."

51.     Koplien told the officers "I can't sleep like this" and "I can't move anything at all," "my left hip is broke," and "my leg is broke."

52.     The officers proceeded to wheel Koplien into his cell, lift him onto his bed as he screamed in pain.

53.     As the officers exited Koplien's cell, he again told them, "My leg is broke." Wanden responded, "well, we'll look into it."

54.     None of the officers did anything to help Koplien with his fractured pelvis that night.

55.    The officers locked Koplien's cell door and left him alone inside his cell with a fractured pelvis.

56.    Koplien was not seen by the jail nurse until the following afternoon.

57.    The jail nurse ordered an X-ray of Koplien's hip and determined that he had a fractured pelvis.

58.    The jail nurse consulted with a doctor, and the doctor ordered that Koplien be taken to the hospital in an ambulance on a stretcher.

59.    On the evening of July 3, 2024, Koplien was admitted to the hospital to undergo pelvic surgery and was expected to remain in the hospital for over one week.

60.    Defendant Marathon County failed to adequately train and supervise jail staff or have a sufficient policy, protocol, or practice in place to ensure inmates in the Marathon County Jail received adequate medical treatment.

61.    Koplien's serious medical needs were ignored because of the failure to train and supervise jail staff, or the failure to have policies, protocols, and practices in place to ensure inmates in the Marathon County Jail received adequate medical treatment.

**COUNT 1:**
**42 U.S.C. § 1983 Claim for Excessive Force**
**Against Defendant Ronald Kohlmann**

62.    Plaintiff realleges the above paragraphs.

63.    Koplien was, at all times relevant to this complaint, a pretrial detainee.

64.    The intentional actions of Defendant Kohlmann, in tasing Koplien at close range and without warning, were an unjustified and unnecessary use of excessive force against Plaintiff. These actions violated Plaintiff's rights under the Fourth, Eighth, or

Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

65.    The aforementioned actions of Defendant Kohlmann were the direct and proximate cause of the constitutional violations set forth above and of Plaintiff's injuries, mental suffering, anguish, fear, humiliation, loss of personal freedom, and expenses.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Kohlmann, and because he acted recklessly, maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

## COUNT 2:
### 42 U.S.C. § 1983 Claim for Deliberate Indifference to Serious Medical Needs Against all Defendants

66.    Plaintiff realleges the above paragraphs.

67.    Koplien was, at all times relevant to this complaint, a pretrial detainee.

68.    Defendants Wanden, Kohlmann, and Vang were subjectively and objectively deliberately indifferent to Koplien's serious medical condition of having a severe injury to his hip, pelvis, or leg.

69.    There was a strong likelihood that Koplien's injury required medical attention.

70.    Defendants Wanden, Kohlmann, and Vang knew or should have known of that strong likelihood or strongly suspected the likelihood existed.

71.    The conduct of each of the Defendants Wanden, Kohlmann, and Vang, given their knowledge or strong suspicions, was objectively unreasonable and caused Koplien's further pain and injuries.

72.    Had Defendants Wanden, Kohlmann, and Vang not acted in a manner that was objectively unreasonable, Koplien would not have suffered additional pain and injuries in his cell.

73.    These actions violated Plaintiff's rights under the Fourth, Eighth, or Fourteenth Amendment to the United States Constitution, and thus violated 42 U.S.C. § 1983.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendants Wanden, Kohlmann, and Vang, and because they acted recklessly, maliciously, wantonly, or oppressively, punitive damages, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

### COUNT 3:
### 42 U.S.C. § 1983 *Monell*[1] claim against Defendant Marathon County

74.    Plaintiff realleges the above paragraphs.

75.    Defendant Marathon County authorized, tolerated, ratified, permitted, or acquiesced in policies, practices, and customs, oral and written, pronounced, and *de facto*, including detainee medical decisions made irrespective of appropriate medical judgment, which were objectively unreasonable and exhibited substantial departure from accepted

---

[1] *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978).

professional judgment, practices, and/or standards, and which were also deliberately indifferent to the safety and suffering of detainees with serious medical conditions, including Koplien in violation of his rights protected by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution. These policies, practices, and customs were the moving force which caused the deprivation of Plaintiff's constitutional rights.

76.    Defendant Marathon County failed to adequately train and supervise its employees and maintained practices or processes pursuant to which detainees like Koplien with serious medical needs were routinely denied medical care and access to medical care.

77.    Defendant Marathon County's policies, customs, practices, supervision of employees, or lack thereof, were a direct cause or moving force that caused the deprivation of Plaintiff's constitutional rights.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff demands actual or compensatory damages against Defendant Marathon County, plus the costs of this action, attorneys' fees, and such other and further relief that the Court deems just and equitable.

### COUNT 4:
### Indemnification Claim Against Marathon County

78.    Plaintiff realleges the above paragraphs.

79.    Wisconsin law, WIS. STAT. § 895.46, requires public entities to pay any tort judgment for damages for which employees are liable, for acts within the scope of their employment.

80.     At all times relevant to this action, Defendants Wanden, Kohlmann, and Vang engaged in the conduct complained of while in the course of and scope of their employment with Marathon County.

WHEREFORE, Plaintiff asks this Court to find that Marathon County is liable to defend this action against Defendants Wanden, Kohlmann, and Vang and to satisfy any judgment entered against them, by virtue of WIS. STAT. § 895.46.

## JURY DEMAND

Plaintiff hereby demands a trial by jury, pursuant to FED. R. CIV. P. 38(b), on all issues so triable.

Respectfully submitted,

Dated: January 27, 2026,

/s/ John H. Bradley
John H. Bradley
   Wisconsin Bar No. 1053124
R. Rick Resch
   Wisconsin Bar No. 1117722
William E. Grau
   Wisconsin Bar No. 1117724
STRANG BRADLEY, LLC
613 Williamson St., Suite 204
Madison, Wisconsin 53703
(608) 535-1550
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

Attorneys for Plaintiff